**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | Civil No. **PJM 20-1554** |
| | * | Crim. No. **PJM 03-0061** |
| **MARVIN ALLEN VERTER,** | * | |
| | * | |
| Petitioner-Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Marvin Allen Verter has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF

No. 60). No hearing is necessary. *See, e.g. United States v. White*, 366 F.3d 291, 302 (4th Cir.

2004). For the reasons that follow, the Court **DENIES** the Motion.

**I.    Background**

On February 1, 2003, Verter was the driver of a Chevy Caprice. United States Park Police

stopped the vehicle for lack of a rear license plate. During the stop, officers smelled marijuana,

preceded to search the interior of the vehicle, and found several partially burnt marijuana

cigarettes, bags of marijuana, and a bag containing ten bullets. Prior to February 1, 2003, Verter

had been convicted of offenses punishable by more than one year imprisonment and his civil rights

had not been restored. Presentence Investigation Report ("PSR") ¶ 48–51. Verter was charged

with Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count

1), and Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a) (Count 2). ECF

No. 1.

On January 13, 2004, following trial, a jury found Verter guilty of both Counts. On June

17, 2004, the Court sentenced him to 78 months of imprisonment and three years of supervised

1

release as to Count 1, as well as 12 months of imprisonment and 1 year of supervised release as to

Count 2 to run concurrently to Count 1. ECF No. 40.

On August 11, 2010, during his three-year term of supervised release, a Petition on

Supervised Release was filed against Verter. ECF No. 45. The Petition alleged that Verter had

been arrested and charged in Washington, D.C. with carrying a firearm without a license and was

also cited for traffic violations, both violations of standard conditions of his supervision. *Id.* On

June 30, 2011, Verter admitted guilt to the violations in the Petition and the Court revoked his

supervised release. ECF No. 55. The Court sentenced him to 14 months of imprisonment to run

consecutive to the sentence imposed in Washington, D.C. ECF No. 55.

On June 9, 2020, through counsel, Verter filed a Motion to Vacate under 28 U.S.C. § 2255

pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the

motion presently before the Court. ECF No. 60. Following the Supreme Court's decision in *Greer*

*v. United States*, 141 S. Ct. 2090 (2021), which clarified the import of *Rehaif,* Verter's attorneys

filed a motion to withdraw as counsel. ECF No. 61. Counsel report that they sent correspondence

to Verter, asking if he wanted to voluntarily withdraw his § 2255 petition, but that Verter had not

responded to counsel's correspondence or motion to withdraw. *Id.* Accordingly, the Court granted

counsel's Motion to Withdraw on May 3, 2022, leaving Verter to proceed without counsel in

accordance with Local Rule 101.2.a. ECF No. 62. The Court now considers the Motion to Vacate

Judgment.

## II.     Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his

sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of

the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence

was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994).

### III.   Discussion

Verter submits that the *Rehaif* error in his case invalidates his § 922(g) conviction for three reasons. ECF No. 60 at 2. First, he argues that his conviction is invalid because it was secured through a defective indictment that failed to allege his knowledge of the relevant prohibited status as required under *Rehaif*. *Id.* Second, he argues that the evidence was insufficient to convict him of a § 922(g) offense because the government failed to present evidence at trial proving that he knew of his prohibited status at the time he possessed the firearm. *Id.* at 3. Third, Verter states that the Court violated his Sixth Amendment right to have a complete verdict on every element of the offense by failing to instruct the jury on the knowledge-of-status element of § 922(g). *Id.* at 3 (citing United States v. McFadden, 823 F.3d 217, 224 (4th Cir. 2016)).

In *Rehaif v. United States*, the Supreme Court clarified the *mens rea* requirement for a possession offense under 18 U.S.C. § 922(g), holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a

firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2195 (2019).

Since the filing of Verter's § 2255 Motion, the Supreme Court has addressed the standard of review for appeals brought under *Rehaif*. In *Greer v. United States*, 141 S. Ct. 2090 (2021), the Court held that even if a defendant was found guilty under § 922(g)(1) without the jury having been informed that the Government had to prove the element of knowledge that he had been convicted of a crime punishable by more than one year of imprisonment, such an error, if not raised in the district court proceedings, would be subject to plain error review. *Id.* at 2096–97. The Court further explained that "a *Rehaif* error is not a basis for plain-error relief unless the defendant "first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not know he was a felon." *Id.* at 2100. The Court observed further that in a felon-in-possession case "the defendant faces an uphill climb" in advancing such an argument: "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id.* at 2097.

Because prior felony convictions comprise "substantial evidence" that defendants "knew they were felons," Verter bears the burden to show "he would have presented evidence in the district court that he did not know he was a felon" when he was found to be in possession of ammunition. *Greer*, 141 S. Ct. at 2097-98. *See also Johnson v. United States*, No. CR RDB-10-703, 2022 WL 684132, at *3 (D. Md. Mar. 8, 2022) (finding no actual prejudice from a *Rehaif* error where defendant failed to assert that he was unaware of his status as a felon and had sustained prior felony convictions for which he was sentenced to more than one year in prison). When considering a *Rehaif* claim under this standard, the district court may consider "relevant and reliable information from the entire record—including information contained in a presentence report." *Id.* at 2098.

4

In this case, Verter has not asserted that he was unaware of his status as a person who had been convicted of a crime punishable by a term of imprisonment exceeding one year.  In fact, a review of Verter's PSR establishes that he had been convicted of more than one felony prior to his § 922(g) conviction in the present case.  Given that the record shows that Verter knew of his felon status, his claim fails.  Accordingly, Verter's Motion to Vacate Judgment under § 2255 is **DENIED**.

### IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).  The Court has considered the record and finds that reasonable jurists would not find Verter's claims debatable.

## V.     Conclusion

For the foregoing reasons, Verter's Motion to Vacate (ECF No. 60) is **DENIED**, and the

Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: June __7__, 2022

_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

6